**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL CARDENAS-RUBIO, | No. 08-73884 |
| Petitioner, | Agency No. A076-605-721 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before:     GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Daniel Cardenas-Rubio, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We deny

in part and dismiss in part the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In his opening brief, Cardenas-Rubio failed to address, and therefore has waived any challenge to, the BIA's dispositive determination that his motion was untimely without exception. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

We lack jurisdiction to review Cardenas-Rubio's ineffective assistance of counsel contention because he failed to raise that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the agency).

Cardenas-Rubio's contention that the BIA violated his due process rights by disregarding his hardship evidence is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Cardenas-Rubio's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**